**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**OCWEN LOAN SERVICING, LLC,**

      **Plaintiff,**

  v.                                        **Civil Action 2:18-cv-1035
Judge George C. Smith
Magistrate Judge Jolson**

**BENNY SMITH, et al.,**

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel. (Doc. 34). For the following reasons, Plaintiff's Motion is **GRANTED in part** and **DENIED in part**. Defendants are **DIRECTED** to respond, in accordance with this Opinion and Order, to Plaintiff's discovery requests no later than August 23, 2019. If Defendants have failed to do so by that date, Plaintiff may file a notice with the Court, and the Court will consider Plaintiff's request that its requests for admission be deemed admitted, as well as its request for costs and fees.

**I.    BACKGROUND**

On June 4, 2019, Plaintiff served discovery requests on Defendants, including requests for interrogatories, document production, and admissions. (*See* Doc. 34-1). Defendant Benny L. Smith responded to these requests on June 13, 2019. (*Id*., ¶ 4. As to each and every one of Plaintiff's requests for admissions, interrogatories, and the production of documents, Defendant Smith wrote "Objection." (*Id*.). Moreover, Defendant Smith failed to produce any documents. (*Id*.). On June 18, 2019, Plaintiff sent a letter to Defendant Smith about these deficient discovery

responses. (*Id.*, ¶ 5). Defendant Smith did not respond but rather filed an updated set of document production with additional objections, including assertions that this Court has no jurisdiction over him, an example of which is provided below:

> INTERROGATORY NO. 1: Identify all persons who assisted or supplied information used in answering these Discovery Request?
>
> OBJECTION: 'ADVERSE CLAIMS
> I am Bennie Lee Bey, Della Ree Bey heir unconditional. Stop all negotiation in this matter pending my right and intent of resending my signature monogram off all instruments that was used in any transaction or security by (Ronald Faris) Glen Massina, President and Chief Executive , doing business as OCWEN LOAN SERVICING, LLC., et alia, who alleged to be holder in due course in which he is not. I want the promissory note produced. I want note back. I want all profits that was generated by it. Meanwhile there was a little extra on it take that and offset the alleged debt on the property right now.

(Doc. 32 at 1).

On July 16, 2019, the Undersigned held a status conference to discuss the parties' discovery obligations in this case. (Doc. 35). The Court informed the parties that discovery in this case would proceed in its normal course and directed Defendants to respond to Plaintiff's Motion to Compel by July 26, 2019. (*Id.*). Defendants have not filed a response, and the deadline to do so has now expired.

## II.    STANDARD

Rule 26(b) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Moreover, Rule 37 of the Federal Rules of Civil Procedure allows for a motion to compel discovery when a party fails to answer interrogatories submitted under Rule 33 or to provide proper responses to requests for production of documents under Rule 34. *See* Fed. R. Civ. P. 37(a)(1), (3).

## III. DISCUSSION

The Court has reviewed Plaintiff's discovery requests and finds that they appropriately seek nonprivileged matter, relevant to Plaintiff's claim or defense, and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Also, upon review of Defendants' responses to Plaintiff's discovery requests, the Court finds they do not comply with the Federal Rules of Civil Procedure. For example, under Federal Rule of Civil Procedure 36(a)(4), a party responding to a request for admission must admit, deny, or state in detail why he cannot truthfully admit or deny. Defendants' objections do not comport with this rule. Consequently, the Court compels Defendants to respond fully and completely to Plaintiff's discovery requests. Defendants' responses must comply with the requirements of Rule 26 of the Federal Rules of Civil Procedure.

## IV. CONCLUSION

Plaintiff's Motion to Compel (Doc. 34) is **GRANTED in part** and **DENIED in part**. Defendants are **DIRECTED** to respond, in accordance with this Opinion and Order, to Plaintiff's discovery requests no later than August 23, 2019. If Defendants have failed to do so by that date, Plaintiff may file a notice with the Court, and the Court will consider Plaintiff's request that its requests for admission be deemed admitted, as well as its request for costs and fees.

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Eastern Division Order No. 14-01, pt. IV(C)(3)(a). The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law. This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by

either the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.3.

IT IS SO ORDERED.


Date: August 6, 2019                          /s/ Kimberly A. Jolson
                                              KIMBERLY A. JOLSON
                                              UNITED STATES MAGISTRATE JUDGE