# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

OCWEN LOAN SERVICING, LLC,

      Plaintiff,

                                                   Case No. 2:18-cv-1035
                                                   JUDGE GEORGE C. SMITH

     v.                                                  Magistrate Judge Jolson

BENNY L. SMITH, *et al.*,

      Defendants.


## OPINION AND ORDER

This matter is before the Court on Defendant Plaintiff Ocwen Loan Servicing, LLC's Motion for Summary Judgment (Doc. 41). There are a number of other pending motions in this case, including Defendant Benny[1] Smith's Affidavit to Dismiss with Prejudice (Doc. 21); Plaintiff's Motion to Strike Affidavit of Fact/Notice of Default (Doc. 27); Plaintiff's Motion for Default Judgment (Doc. 44); and Defendants Benny Smith and Della Smith's Motion to Set Aside Default and Motion to Dismiss Default Judgment (Doc. 45). For the reasons that follow, Plaintiff's Motion for Summary Judgment is **GRANTED** and all other motions are denied as moot.

### I.    BACKGROUND

On April 28, 2006, Defendants Benny L. Smith and Della R. Smith executed a Promissory Note in the amount of $134,437.00, with Liberty Mortgage Company, Inc. (hereinafter, "Liberty") (Doc. 41, Ex. A-1 to Pl.'s Mot. for Summ. J.) (the "Promissory Note"). Defendants were to make monthly payments beginning June 1, 2006, for thirty years, or until paid in full. To secure the

---

[1] Benny Smith has signed the documents filed in this case with two different spellings of his first name, Benny and Bennie. The Court will use the spelling Benny as that is what has been entered on the Court's docket.

Promissory Note, Defendants also executed a Mortgage on real property located at 2237 Trent Road, Columbus, Ohio 43229. The Mortgage was also held by Liberty and recorded with the Franklin County Recorder's Office as Instrument No. 200605090088646. (The Promissory Note and Mortgage are collectively referred to as the "Loan"). The Promissory Note and Mortgage were subsequently transferred to Mortgage Electronic Systems, Inc., and then to GMAC Mortgage Corporation and finally to Ocwen Loan Servicing, LLC. (hereinafter, "Ocwen") (Doc. 41, Exs. A-1–A-4).

On October 15, 2014, Defendants entered into a Home Affordable Modification Agreement with Plaintiff (the "Loan Modification Agreement"). The Loan Modification Agreement was recorded with the Franklin County Recorder's Office on March 3, 2015, as Instrument No. 201503030026519. (Doc. 41, Ex. A-6).

On April 27, 2018, Plaintiff sent a letter to Defendants notifying them that they were in default of payment on the Loan and that the balance due would be accelerated if the default was not cured by June 3, 2018. (Doc. 41, Ex. A-7). The default was not cured and the balance due was accelerated. Plaintiffs assert that they are owed the principal sum of $99,901.99 plus interest at the rate of 4.375% per annum from February 1, 2018 until paid, plus late charges, escrow advances, court costs and other expenses allowed by law. (Doc. 41, Exs. A-8, A-9).

Plaintiff initiated this foreclosure action in the Franklin County Court of Common Pleas on August 10, 2018. (Doc. 2). Defendants removed the case to this Court on September 11, 2018. (Doc. 1).

## II. STANDARD OF REVIEW

Plaintiff moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Berryman*

*v. SuperValu Holdings, Inc.*, 669 F.3d 714, 716–17 (6th Cir. 2012). The Court's purpose in considering a summary judgment motion is not "to weigh the evidence and determine the truth of the matter" but to "determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A genuine issue for trial exists if the Court finds a jury could return a verdict, based on "sufficient evidence," in favor of the nonmoving party; evidence that is "merely colorable" or "not significantly probative," however, is not enough to defeat summary judgment. *Id.* at 249–50.

The party seeking summary judgment shoulders the initial burden of presenting the Court with law and argument in support of its motion as well as identifying the relevant portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56). If this initial burden is satisfied, the burden then shifts to the nonmoving party to set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *see also Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (after burden shifts, nonmovant must "produce evidence that results in a conflict of material fact to be resolved by a jury").

In considering the factual allegations and evidence presented in a motion for summary judgment, the Court "views factual evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor." *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 511 (6th Cir. 2009). But self-serving affidavits alone are not enough to create an issue of fact sufficient to survive summary judgment. *Johnson v. Washington Cty. Career Ctr.*, 982 F. Supp. 2d 779, 788 (S.D. Ohio 2013) (Marbley, J.). "The mere existence of a scintilla of evidence to support [the non-moving party's] position will be insufficient; there must be evidence on which

the jury could reasonably find for the [non-moving party]." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995); *see also Anderson,* 477 U.S. at 251.

### III. DISCUSSION

Plaintiff has moved for summary judgment on the claims against Defendants to enforce the Promissory Note and Mortgage. Defendants have filed a document titled "Judicial Notice" in response to Plaintiff's Motion, however, they have failed to set forth any arguments as to why summary judgment should not be granted in favor of Plaintiff. Defendants have also filed other documents, such as an Affidavit of Fact, Notice of Adverse Claims, and letters asserting their argument that Ocwen does not hold the Promissory Note and essentially lacks standing to enforce it. Defendants do not deny that they are in default on the Loan. Despite the lack of formal response by Defendants, the Court will carefully review Plaintiff's arguments and determine if summary judgment is appropriate.

Defendants removed the case from state court due to diversity, therefore, the Court must apply Ohio law in determining whether summary judgment is appropriate. Regarding foreclosure actions, Ohio law provides as follows:

> To properly support a motion for summary judgment in a foreclosure action, a plaintiff must present "evidentiary quality materials" establishing: (1) that the plaintiff is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the plaintiff is not the original mortgagee, the chain of assignments and transfers; (3) that the mortgagor is in default; (4) that all conditions precedent have been met; and (5) the amount of principal and interest due.

*Deutsche Bank Nat'l Trust Co. v. Najar*, 2013-Ohio-1657, ¶ 17 (8th Dist.) (citing *United States Bank, N.A. v. Adams*, 2012-Ohio-6253, ¶ 10 (6th Dist.)).

Defendants appear to be contesting the first and second elements, whether Plaintiff is the holder of the note and mortgage and therefore entitled to enforce those documents. In order to

4

have standing to bring a foreclosure action, the plaintiff must be the holder of the note and mortgage, or a party entitled to enforce the instrument. *Bank of Am., N.A. v. Pasqualone*, 82 UCC Rep.Serv.2d 331, 2013-Ohio-5795, ¶ 21 (8th Dist.). "Ohio's version of the UCC governs who may enforce a negotiable note. Article 3 of the UCC governs the creation, transfer, and enforceability of negotiable instruments, including promissory notes secured by mortgages on real estate." *Najar*, 2013-Ohio-1657, ¶ 23. Ohio Revised Code §1303.31(A) defines a "person entitled to enforce" an instrument means any of the following persons: (1) the holder of the instrument; (2) a non-holder in possession of the instrument who has the rights of the holder; or (3) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 1303.38 or division (D) of Section 1303.58 of the Revised Code. The Ohio Court of Appeals for the Tenth District further explains the rights of the holder:

> With respect to a negotiable instrument, a 'holder' means: 'The person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession.' R.C. 1301.201(B)(21)(a). Determining whether a plaintiff-creditor is a holder requires physical examination not only of the face of the note but also of any indorsements.

*Pasqualone*, 2013-Ohio-5795, ¶¶ 31–33.

In the case at bar, Plaintiff has provided an Affidavit of Kevin Flannigan, a Senior Loan Analyst who has described in detail each of the transfers of the Promissory Note and Mortgage at issue in this case, attached copies of the relevant documents, and has shown that Plaintiff, Ocwen Loan Servicing, LLC, is now the holder of both. (*See* Doc. 41, Exs. A-1–A-5, and A-10). Plaintiff therefore has standing to enforce the Promissory Note and Mortgage because it was the holder of these documents at the time this case was filed. *See Nationstar Mortg. LLC v. Cruse*, No. 2:14-cv-383, 2015 U.S. Dist. LEXIS 118428, at *10 (S.D. Ohio Sep. 4, 2015) (Deavers, M.J.).

Further, Defendants do not contest that the Promissory Note and Loan Modification Agreement are in default, nor do they contest the amount of principal and interest due. Therefore, Plaintiff has established the necessary elements in this case: that it is entitled to enforce the Loan, the chain of assignments and transfers, that the mortgage is in default, that all conditions precedent have been met, and the amount of principal and interest due. Defendants have failed to provide any arguments or evidence to demonstrate a genuine issue of material fact to survive summary judgment. Accordingly, Plaintiff is entitled to summary judgment.

Under Ohio law, "once a default in payment has occurred under the terms of a note, and once the note has been accelerated, the holder of the note is entitled to judgment." *Gaul v. Olympia Fitness Ctr., Inc.*, 88 Ohio App.3d 310, 623 N.E.2d 1281, 1284 (8th Dist.1993) (citing *King v. Safford*, 19 Ohio St. 587 (1869); *Union Cent. Life Ins. Co. v. Curtis*, 35 Ohio St. 357 (1880); *Bradfield v. Hale*, 67 Ohio St. 316, 65 N.E. 1008 (1902); *Evilsizor v. Speckbaugh*, 55 Ohio Law Abs. 353, 88 N.E.2d 296 (1949)). In this case, Defendants defaulted on the Loan and the Loan Modification Agreement and Ocwen accelerated the note. There are no genuine issues of material fact exist as to any element of Plaintiff's foreclosure claim. Accordingly, Ocwen is entitled to judgment as a matter of law.

Ocwen is entitled to judgment against Defendants Benny L. Smith and Della R. Smith in the principal sum amount of $99,901.88 plus interest on the outstanding principal amount at the rate of 4.375% per annum, from February 1, 2018, subject to adjustment plus late charges and advances and all costs and expenses incurred for the enforcement of the Note and Mortgage except to the extent the payment is prohibited by Ohio.

Additionally, the United States has an interest in this property. As set forth in the Complaint, the interest is a "Subordinate Mortgage from Benny L. Smith and Della R. Smith, to

the Secretary of House and Urban Development for $11,825.91, dated October 9, 2014, filed October 20, 2014, as Instrument 201410300144239 of Franklin County, Ohio Records." (Doc. 2, Compl. ¶ 11).

Having found that Plaintiff is entitled to judgment in its favor, Plaintiff's Motion for Default Judgement against the Smiths is **DENIED** as moot. Plaintiff has also moved for default judgment against Defendant, the Franklin County Treasurer. Plaintiff, however, has not made any specific claim for relief against the Franklin County Treasurer. Plaintiff merely alleges that the "Treasurer of Franklin County [has] or claims[s] to have an interest in the premises." (*Id*. ¶10). Plaintiff's Motion for Default Judgement is **DENIED** as to the Franklin County Treasurer. Plaintiff's claims in this case to enforce the Loan are junior in priority under Ohio law to any lien(s) held by the Franklin County Treasurer to secure the payment of real estate taxes and assessments.

Plaintiff shall proceed with foreclosure of the subject property in accordance with this Court's General Order No. 07-03, setting forth the Court's procedures for foreclosure sales.

### IV. CONCLUSION

Based on the aforementioned, Plaintiff Ocwen's Motion for Summary Judgment (Doc. 41) is **GRANTED**. Defendant Benny Smith's Affidavit to Dismiss (Doc. 21) and Motion to Set Aside Default and Motion to Dismiss Default Judgment (Doc. 45) are **DENIED AS MOOT**. Plaintiff's Motion to Strike (Doc. 27) and Motion for Default Judgment (Doc. 44) are also **DENIED AS MOOT**.

The Clerk is directed to **REMOVE** documents 21, 27, 41, 44, and 45 from the Court's pending motions list. The Clerk is further directed to enter final judgment in favor of Plaintiff Ocwen and **REMOVE** this case from the Court's pending cases list.

**IT IS SO ORDERED.**

                                              */s/ George C. Smith*
                                        **GEORGE C. SMITH, JUDGE**
                                        **UNITED STATES DISTRICT COURT**